Tino X. Do, Esq. (SBN 221346)
Siddharth Jhans, Esq. (SBN 254165)
SALTZMAN & JOHNSON LAW CORPORATION
5100-B1 Clayton Road, Suite 373
Concord, CA 94521
Telephone: (510) 906-4710
Email: tdo@sjlawcorp.com
Email: sjhans@sjlawcorp.com

Attorneys for Plaintiffs, U.A. Local 393
Health And Welfare Trust Fund, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND, and its JOINT BOARD OF TRUSTEES; <br><br> U.A. LOCAL 393 PENSION FUND, and its JOINT BOARD OF TRUSTEES; AND <br><br> ALEX HALL AND ERIC MUSSYNSKI, TRUSTEES <br><br> Plaintiffs, <br><br> v. <br><br> AGRS INVESTMENTS, LLC, dba ECO HVAC CONTRACTING, a Suspended California Limited Liability Company, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** |

<u>Parties</u>

1. Plaintiffs U.A. Local 393 Pension Fund (the "Pension Fund") and U.A. Local 393 Health and Welfare Trust Fund (the "Health Fund") (collectively the "Trust Funds"), are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Board of Trustees ("Trustees") of said Funds are the named fiduciaries of the Funds under ERISA § 302(a), 29 U.S.C. § 1002(a). The Trust Funds and the Trustees are collectively referred to herein as "ERISA Plaintiffs" or "Plaintiffs. Alex Hall and Eric Mussynski are Co-Chairmen

of the Boards of Trustees of the Pension Fund and the Health Fund.

2. AGRS Investments, LLC, dba ECO HVAC Contracting, a Suspended California Limited Liability Company ("Defendant" or "ECO HVAC"), is an Employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

3. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

5. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

6. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Santa Clara County, California. Thus, jurisdiction and venue are properly grounded with this Court.

7. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Plaintiffs' Trust Funds maintain their principal pace of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

8. The basis for assignment of this action to this Court's San Jose Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Santa Clara, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreement

9. ECO HVAC entered into the following Project Labor Agreements (PLAs): (1) Santa Clara County Countywide Project Labor Agreement ("Santa Clara PLA"), (2) San Jose Evergreen Community College District Project Labor Agreement ("Evergreen PLA"), and the (3) Citywide Project Labor Agreement for the City of San Jose ("San Jose PLA"). The Santa Clara PLA, Evergreen PLA, and San Jose PLA are still in full force and effect and incorporate the current Master Labor Agreement ("the Bargaining Agreement") between UA Local Union No. 393 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("Union") and the Santa Clara Valley Contractors Association, Northern California Mechanical Contractors Association, Greater Bay Area Association of Plumbing and Mechanical Contractors, and Industrial Contractors – UMIC, Inc., requiring employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreement. Plaintiffs are third party beneficiaries of the Bargaining Agreement.

10. Under the terms of the Bargaining Agreement, Plaintiffs' Trustees are authorized to collect monies due by Defendant to the following plans: Plumbing Industry Non-Profit Corporation, UA Local Union 393 Health and Welfare Trust Fund, UA Local Union 393 Pension Fund, UA Local 393 Defined Benefit Plan, UA Local Union 393 Defined Contribution Plan, Employee Savings Account Plan, South Bay Piping Industry Labor Management Trust, and Contract Administration Fund (collectively referred to herein as the "Bargained Entities"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreement and Trust Agreements.

11. Under the Bargaining Agreement and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on

3

Defendant, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due and considered delinquent if not received on the fifteenth (15th) day of the month following the month hours were worked, except for the 401(k) contributions which must be received by the Trust Funds Administrative Office by the eighteenth (18th) of the month following the month in which the work was performed. Defendant is also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of $250.00 per contract for each delinquent contribution. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the day contributions become delinquent, which is the fifteenth day (15th) day of the month following the month in which payment was due, until paid.

12.  The Bargaining Agreement further requires Defendant to maintain time records or timecards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

### Factual Allegations

13.  Defendant has failed to pay contributions for hours worked by its employees for the months of August 2022, September 2022, and October 2022. Liquidated damages and interest have been incurred and are owed to Plaintiffs on the unpaid contributions for this period.

14.  Defendant has also failed to timely pay contributions for hours worked by its employees during the months of November 2020 through April 2021, September 2021 through February 2022, and April 2022 through July 2022. Liquidated damages and interest are owed on these late-paid contributions.

15.  Plaintiffs are also entitled to recover any and all contributions, and all liquidated damages and interest on delinquent contributions, found due on timecards, audit, or otherwise including estimated contributions for months Defendant failed to report to Plaintiffs, through the time of

Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due from Defendant.

## FIRST CAUSE OF ACTION
**Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

16. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

17. Defendant has a contractual duty under the PLAs, Bargaining Agreement, and Trust Agreements to provide reports of monthly amounts due, pay amounts due, and to timely make the required contributions, liquidated damages and interest to the ERISA Plaintiffs, the Bargained Entities, and to timely make the required payment of union dues to the Union. By failing to make the required submission of reports and timely payments as required, Defendant has breached said duty.

18. Defendant's failure and refusal to make timely payments as required was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement, and incorporated Trust Agreements, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

19. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

20. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

21. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendant as follows:

    (a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

        i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

        ii. To the Union in accordance with the Bargaining Agreement.

    (b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the PLAs, Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

    (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the PLAs, Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and €, 29 U.S.C. § 1132(g)(2)(D) a€(E); and in accordance with the PLAs and Bargaining Agreements for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3. For an order,

    (a) requiring that Defendant comply with its obligations to Plaintiffs under the terms of the PLAs, Bargaining Agreements, and the Trust Agreements;

    (b) enjoining Defendant from violating the terms of those documents and of ERISA; and;

    (c) enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant's business until said terms have been complied with.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

DATED: December 9, 2022							SALTZMAN & JOHNSON LAW
											CORPORATION

											By:	_____/S/_____
												Siddharth Jhans
												Attorneys for Plaintiffs, U.A. Local 393 Health and Welfare Trust Fund, et al.

**COMPLAINT**
**Case No.**                                                                P:\CLIENTS\PIPCL\Eco HVAC\Pleadings\Word Versions + Fillable .pdfs\Complaint.docx